SENTELLE, Senior Circuit Judge,
dissenting:
This case returns to us on a petition for writ of coram nobis, testing a criminal conviction previously affirmed by us on direct appeal in United States v. Nwoye, 663 F.3d 460 (D.C. Cir. 2011). In the original version, we considered an argument that the trial court had erred in refusing a defense request for an instruction on a duress defense. We affirmed the district court, holding that “a defendant is only entitled to an instruction on a theory of duress if there is ‘sufficient evidence from which a reasonable jury could find’ for the defendant on that theory.” Id. at 462 (quoting United States v. Akhigbe, 642 F.3d 1078, 1083 (D.C. Cir. 2011)). Appellant Nwoye returns, alleging that her trial counsel rendered ineffective assistance in not presenting expert testimony on the battered woman syndrome and that she was prejudiced thereby. The district court was unconvinced, for reasons expressed in a most able opinion, United States v. Nwoye, 60 F.Supp.3d 225 (D.D.C. 2014). My colleagues on this court reason differently than the district judge. I consider the district judge’s reasoning the more compelling, and I will quote from it extensively herein.
As the majority sets forth, to prevail on the claim for ineffective assistance of counsel, a petitioning defendant must establish two elements: “(i) ‘counsel’s representation fell below an objective standard of reasonableness’ and (ii) ‘the deficient performance prejudiced the defense.’” Maj. Op. at 1134-35 (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The district court pretermitted the first question and proceeded to determine that counsel’s decision not to introduce expert evidence on the subject of battered woman syndrome was not prejudicial. Because the majority deems the district court to have erred in the second part of its decision, we finish in the odd posture of sending the matter back for the resolution of the preliminary question. Be that as it may, in my view, the district court did not err on the second prong, so like the majority, I will find it unnecessary to draw a resolution on the first.
I would note in passing that in judging the degree, if not the kind, of counsel’s ineffectiveness, we have never before this case ruled on the admissibility of expert testimony on battered woman syndrome to a claimed defense of duress. As the district court noted, “Traditionally, expert testimony on BWS has been limited to cases where a defendant puts forward the affirmative defense of self-defense.” 60 F.Supp.3d at 237. While I do not dispute the majority’s extension of the relevance to a duress defense in appropriate cases, I do find it less than shocking that .the trial counsel did not more vigorously pursue the possibility in a pioneering posture than would have been the case had the defense been self defense. Be that as it may, as the majority notes, the issue directly confronting us is whether counsel’s failure, construed as ineffective assistance, “preju *1142 diced the defense.” As the majority states, “Nwoye ... must show that expert testimony on battered woman syndrome, together with the duress instruction, would have created a ‘reasonable probability that ... the result of the proceeding would have been different.’” Maj. Op. at 1139 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). Like the district court, I am not convinced that she has made this showing.
To be entitled to an instruction on the defense of duress, a defendant must introduce at least some evidence on the two elements of the defense: (1) that the defendant acted under the threat of immediate death or serious bodily injury, and (2) that the defendant had no reasonable legal alternative to committing the crime. See United States v. Gaviria, 116 F.3d 1498, 1531 (D.C. Cir. 1997). Importantly, in the context of the present case, defendant must not only show some evidence on these two elements, she must also establish that if counsel had proffered the evidence (which he did except for the expert testimony), the judge had allowed it in, and the judge had based instruction thereon, the jury result would have been different. The record simply does not support the majority’s conclusion on this cluster of issues.
As the district court put it, the trial judge
provided the defendant with ample opportunity to present evidence in support of both of these necessary elements. She permitted the defendant to testify at length about the abuse that she said she had suffered at the hands of Mr. Osuag-wu. In addition to Ms. Nwoye’s testimony about her abuse, the judge also heard evidence that undercut defendant’s theory of the case, including evidence that (1) Mr. Osuagwu frequently left the D.C.-Maryland area without her, taking trips to California that lasted days or weeks; (2) Ms. Nwoye left Mr. Osuagwu and returned to her husband in the summer of 2006 without incident; and (3) Ms. Nwoye eventually contacted the-Nigerian security services regarding Mr. Osuagwu’s criminal behavior.
60 F.Supp.3d at 240.
Based on this evidence, the district court did not submit the duress instruction as requested. The jury returned a verdict of guilty. Then, as the district court noted, this court reviewed and affirmed the district court’s decision.
In so doing, we
noted that Ms. Nwoye regularly left her home to attend nursing school classes and to work at the hospital and was thus “physically separated” from Osuagwu. [United States v. Nwoye, 663 F.3d at 463.] She also met alone with Dr. Iweala and did not tell him that she was being forced to extort money from him. Id. Most importantly, the court of appeals emphasized that “Osuagwu spent nearly two weeks in California, thousands of miles away from Nwoye,” giving her more than enough opportunity to notify law enforcement. Id. at 463-64. “[A] defendant with such ‘countless opportunities to contact law enforcement authorities or [to] escape the perceived threats’ cannot as a matter of law avail herself of the duress defense.” Id. at 464 (quoting United States v. Scott, 901 F.2d 871, 874 (10th Cir. 1990)).
Id. at 231. Further, with direct reference to Nwoye’s claim that she may have suffered from BWS, we explained that
Nwoye suggests the mere whiff of [BWS] arising from these facts should alter the duress determination. ... [But] her theory is devoid of the other usual indicia supporting a BWS defense — expert witnesses testifying to the effects of isolation, financial dependence, or estrangement from family members. Indeed, as discussed earlier, Nwoye had *1143 many alternative sources of protections and support[,] ... [including] access to relatives, classmates, and teachers with whom she could seek refuge. [Furthermore,] [s]he was not under constant visual surveillance. The conspiracy in which she participated lasted for months, ... [and there were] weeks in which Osuagwu was thousands of miles away.
United States v. Nwoye, 663 F.3d at 465.
So seeing, we affirmed. Years later came the present petition for writ of coram no-bis.
The petition originally came back to the trial judge. Due to her having suffered serious injury, the matter was reassigned to a different judge whose decision we now review. The district court heard the testimony of four witnesses, including a forensic psychologist, the defendant herself, trial counsel, and the public defender now representing Ms. Nwoye.
With the trial record and the testimony of the four witnesses before him, the district judge applied the two-step analysis from Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052, and correctly noted that “[t]he Strickland prejudice prong requires only a reasonable probability — that is, ‘a probability sufficient to undermine confidence in the outcome.’” 60 F.Supp.3d at 234 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
The district judge then explained that “‘the [duress] standard is ... partially objective; the defense is not established simply by the fact that the defendant was coerced; he must have been coerced in circumstances under which a person of reasonable firmness in his situation would likewise have been unable to resist.’” Id. at 238 n.6 (quoting Model Penal Code § 2.09, Explanatory Note (2001)) (emphasis added by the district court).
Applying these standards, the district court reasoned:
In the context of duress, this means that a judge must instruct a jury on the defense of duress only when the defendant presents at least some evidence on both of the necessary elements of the defense. “To prevail on a duress defense, a defendant must convince the jury that (1) she acted under the threat of immediate death or serious bodily injury, and (2) that she had no reasonable legal alternative to committing the crime, i.e., no chance both to refuse to do the criminal act and also to avoid the threatened harm.”
Id. at 239 (quoting United States v. Nwoye, 663 F.3d at 467 (Tatel, J., dissenting) (other internal quotation marks omitted)).
With that and further reasoning, the court concluded, in my view reasonably, that “[b]ecause no amount of expert testimony could rectify [the] evidentiary deficiency, ... there was no prejudice to the defendant by virtue of her lawyer’s failure to offer expert testimony on BWS for presentation to” the trial court. Id. at 241. “Rather, in order for the defendant to be entitled to a duress instruction, she must adduce evidence at trial showing that she herself in fact had no reasonable legal alternative.” Id. (citations omitted).
As did the district court, I recognize, as the majority points out, that this court in the direct appeal noted the lack of expert testimony on battered woman syndrome. Maj. Op. at 1133, 1135-36. However, I am not sure that I share my colleagues’ conviction that the prior opinion “stressed” that omission, but rather listed it among a series of facts. Id. at 1133. I finally suggest that we should remember what we are reviewing. The determination of probabilities of the effect of counterfactual circumstances partakes more of a decision of fact than of law. It is hornbook learning that we review factual decisions of district courts with deference. See generally *1144 Anderson v. City of Bessemer City, NC, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Indeed, Rule 52(a)(6) of the Federal Rules of Civil Procedure provides that “[f]indings of fact ... must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court’s opportunity to judge the witnesses’ credibility.” While we may not be literally reviewing “a finding,” we are essentially reviewing a factual determination. In this case two district judges have had the benefit of the credibility of witnesses and the experience of making factual determinations. I would afford them that same deference.
I therefore respectfully dissent.